IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DONNIE SWAFFORD                                                                                    PLAINTIFF

v.                                    Case No. 3:16-cv-00002 JTK

CAROLYN W. COLVIN, *Acting Commissioner*,
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

# MEMORANDUM AND ORDER

Plaintiff Donnie Swafford appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI) based on disability.[1] Both parties have submitted appellate briefs, and the case is ready for decision. The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.

For the reasons outlined below, the decision of the Commissioner is reversed and remanded.

**Procedural History**

Plaintiff protectively filed for benefits on May 28, 2013, alleging a disability onset date

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

of September 30, 2010. He alleged the following conditions as disabling: diabetes, hypertension, diabetic neuropathy of legs and feet, and slow learner. Disability Determination Services (DDS) denied the claims initially and upon reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). The ALJ held the hearing on May 14, 2014. Following the hearing, the ALJ issued a decision that Plaintiff was not disabled. Subsequently, the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed this civil action.

## Administrative Proceedings

Plaintiff was forty years old at the time of the administrative hearing and had a high school diploma. The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process[2] and found that Plaintiff had not engaged in substantial gainful work activity since September 30, 2010, the alleged onset date. Plaintiff had the severe impairments of diabetes mellitus, peripheral neuropathy, morbid obesity, and hypertension. The ALJ determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. In assessing Plaintiff's credibility, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause

---

[2]"The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

the alleged symptoms but that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent they were inconsistent with the residual functional capacity (RFC) to perform limited sedentary work.[3] The ALJ determined Plaintiff could not perform his past work as a production material coordinator but found other jobs existing in significant numbers in the national economy that Plaintiff could perform, like shipping and receiving clerk and inventory counter. Therefore, the ALJ determined that Plaintiff was not disabled.

## Standard of Review

The standard of review in this case is whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

---

[3]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567; 416.967. Here, the ALJ determined Plaintiff could stand/walk no more than two hours in an eight-hour workday; could not climb ladders, ropes or scaffolds; could not do more than occasional postural functions; could not be exposed to hazards in the workplace or unprotected heights; and could not perform work that required foot control operation.

**Discussion**

At the administrative hearing, the VE testified that Plaintiff's past work as a production material coordinator was semi-skilled. The ALJ asked the VE if Plaintiff had any transferrable skills from his past work that the VE thought would be utilized or transferred to the sedentary jobs the VE identified. The VE stated:

> I'm not sure if it's a specific skill outside of being a supervisor of production and understanding the production process and, you know, the need for the line to keep moving, ability to anticipate problems, you know, before they happen. Those are some of - - of the reasons that I selected those jobs. But so far as having specific skills, I don't think that the SVP 4 jobs have transferrable skills specifically. So - - but I did use that information in selecting these jobs.

Tr. at 52. In his decision, the ALJ found: "Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferrable job skills." Tr. at 25.

On appeal, Plaintiff contends that the ALJ erred at step five by (1) finding that the transferability of jobs was not material to the determination of disability and (2) relying on VE testimony that specifically denied that his past work provided skills that were transferable to the two semi-skilled jobs the VE identified in response to the ALJ's hypothetical. The Commissioner concedes that the ALJ not only failed to identify any transferable skills in his decision but also incorrectly stated that the transferability of job skills was not material to the determination of disability. The Commissioner argues, however, that the error was harmless because the record contains substantial evidentiary support for the AJL's finding at step five.

When an ALJ identifies skilled or semiskilled positions that a claimant could perform at step 5, the ALJ must address the basis for concluding that the claimant has the requisite skills to transition to the position, either based on transferability of skills from prior work or based on a recent education program. *See* 20 C.F.R. §§ 404.1568; 416.968. Specifically, Social Security Ruling (SSR) 83-10 provides that "RFC alone never establishes the capacity for skilled or semiskilled work. Ability to perform skilled or semiskilled work depends on the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level or the presence of recently completed education which allows for direct entry into skilled or semiskilled work." SSR 83-10, 1983 WL 31251, at *3 (1983). If the ALJ relies on transferability of skills from past relevant skilled or semiskilled work, "the adjudicator or ALJ is required to make certain findings of fact or include them in the written decision. Findings should be supported by appropriate documentation." SSR 82-41, 1982 WL 31389, at *7 (1982). Thus, "[w]hen a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the State agency's determination or the ALJ's decision." *Id.*

In the present case, rather than following these procedures, the ALJ found that "[t]ransferability of job skills is not material to the determination of disability." Tr. at 25. The ALJ therefore did not analyze whether Plaintiff had any transferable job skills from his past relevant work and instead applied the Medical-Vocational Guidelines (grids) for a younger individual. Because the ALJ found Plaintiff could not perform the full range of sedentary work, the ALJ did not stop at the grids and considered testimony of the VE regarding Plaintiff's ability

5

to perform other work in light of his RFC. As noted above, the ALJ found, based upon the expert's testimony, that Plaintiff could perform work as a shipping and receiving clerk and as an inventory counter—both sedentary, semiskilled work with an SVP 4. Tr. at 26. Although the ALJ specifically asked the VE about transferability of skills, the VE did not recognize the need for transferable skills for SVP 4 jobs, and the ALJ subsequently failed to make any findings regarding transferability.

The Commissioner asserts that neither the ALJ nor the VE was required to identify specific transferable skills and that the VE's testimony that Plaintiff's acquired understanding of the production process, need to keep the line moving, and ability to anticipate problems before they happened were the transferable skilled identified. Doc. No. 14 at 5-6. Likewise, the Commissioner contends that the Dictionary of Occupational Titles (DOT) job descriptions provide substantial evidence to support the step 5 determination. Specifically, the Commissioner argues that, given the similarities in the SVPs, GED's, job duties, and the complexity of functioning in relation to data, people, and things between Plaintiff's past relevant work and the shipping/receiving clerk and inventory counter clerk jobs, the ALJ showed that Plaintiff had acquired skills in past, semiskilled work that were transferable to the two jobs identified by the VE.

The parties agree that transferability of skills is at issue in the instant case. Furthermore, SSR 83-10 states that the "[a]bility to perform skilled or semiskilled work depends on the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level or the presence of recently completed education. The undersigned

agrees with the Commissioner that the ALJ did not have to enumerate specific transferable skills at step five. *See Tucker v. Barnhart*, 130 Fed. App'x. 67, 68 (8th Cir. 2005) (Social Security Ruling 82-41 does not require the ALJ or the VE to identify a plaintiff's transferable skills). However, the ALJ's decision has to nevertheless be supported by substantial evidence. The ALJ's decision indicates that transferability is immaterial, which was error. This decision appears to be based in part on the VE's testimony. The error is not harmless because the undersigned cannot say that the ALJ would have inevitably reached the same result. *Dewey v. Astrue*, 509 F.3d 447, 449-50 (8th Cir. 2007). The decision lacks substantial evidence to support a conclusion that Plaintiff has the skills to transition to other work based on transferability of skills from prior work or based on a recent education program. *See* 20 C.F.R. §§ 404.1568; 416.968. The undersigned cannot, as the Commissioner suggests, say that the vague skills the VE identified Plaintiff as having from his past relevant work are similar to those outlined in the DOT for the shipping/receiving clerk and inventory counter clerk jobs. At the very least, there are inconsistencies that must be resolved because the ALJ found transferability of skills immaterial, but then found other work available for Plaintiff based on VE testimony that identified two suitable semiskilled jobs. In light of the foregoing, the undersigned is unable to conclude the Commissioner's decision is supported by substantial evidence.

## Conclusion

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter remanded for further proceedings consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89

(1991).

SO ORDERED this 3rd day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE